UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GEORGE SHROPSHIRE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 1:12-cv-79; 1:10-cr-87-HSM-SKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Acting *pro se*, federal inmate George Shropshire ["petitioner"] brings this motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Doc. 38).[1] The United States has filed a response in opposition to the § 2255 motion to vacate (Doc. 48). Petitioner sought and was granted extra time to reply to the response, but he did not submit a reply (Docs. 49-50).

For the reasons which follow, petitioner's § 2255 motion will be **DENIED.**

### I. Background

On August 16, 2009, an officer with the Chattanooga, Tennessee police department attempted to make a traffic stop of petitioner for a seat belt violation, but petitioner fled in his vehicle at a high rate of speed. The officer, in full pursuit, witnessed petitioner throw items from his car and noted the locations of the tossed items. Petitioner, who had stopped his vehicle and fled on foot, was apprehended by

---

[1] All citations to the record refer to petitioner's criminal file (No. 2:10-cr-87).

officers who then returned to the areas where the items had been discarded and retrieved them. The items so retrieved consisted of 4.5 grams of crack cocaine, as determined later by laboratory tests. Upon petitioner's arrest, he was informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), which he waived, and admitted throwing crack cocaine from his vehicle.

On May 5, 2010, the Grand Jury charged petitioner in a two-count indictment with commission of crack cocaine offenses (Doc. 2). Thereafter, the government filed a notice under 21 U.S.C. § 851 indicating its intent to enhance petitioner's sentence, based on his prior 1999 and 2004 Hamilton County, Tennessee felony convictions for controlled substance offenses (Doc. 14). Petitioner pled guilty to Count two of the indictment, which charged him with possession with intent to distribute a mixture and substance containing cocaine base (crack), a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Doc. 27).

The facts underlying petitioner's conviction, as set forth above, were contained in his signed plea agreement (Doc. 28). He confirmed that those facts were true and accurate at his rearraignment hearing before United States Magistrate Judge Susan K. Lee, (Doc. 45, Rearraignment Hr'g Tr. at 17-18).

On March 21, 2011, for his offense of conviction, petitioner received a 188-month term of confinement and a 6-year term of supervised release, with judgment entering two days later (Docs. 36-37). Petitioner acknowledged, at his sentencing, that he had been convicted previously of the two felony cocaine-related offenses, described in the § 851 notice (Doc. 47, Sent. Hr'g Tr. at 4-5). Petitioner did not file a direct appeal to the Sixth Circuit, but instead brought this timely § 2255 motion to

2

vacate on March 13, 2012 (Doc. 38).

## II. Standard of Review

Under 28 U. S. C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Under Rule 8 of the Rules Governing Section 2255 Proceedings, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate and the other documents show conclusively the petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

The Court sees no need for an evidentiary hearing in the instant case.

### III. Discussion

In his § 2255 motion, petitioner offers, as grounds for relief, two main claims of ineffective assistance of counsel.

### A. The Controlling Law

Claims of ineffective assistance arise from the guarantee in the Sixth Amendment, which reads, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that renders the result unreliable.

*Id.* As with any other claim under § 2255, a movant bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*'s test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A petitioner asserting a claim of ineffective assistance of

4

counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

When considering *Strickland*'s second prong, in the context of a guilty plea, the movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moss v. United States*, 323 F.3d 445, 454-55 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694).

To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that, but for counsel's error, he would have pleaded not guilty and gone to trial. *Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir. 2013) ("A self-serving statement . . . cannot establish a reasonable probability that [petitioner] would have pled not guilty but for the advice of counsel, where all objective evidence points unequivocally to the contrary."); *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) ("[A] defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."), *cert. denied*, 516 U.S. 1058 (1996).

5

The standard by which a court reviews counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689, and counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). While both prongs must be established in order to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

**B.   The Claims**

The claims of ineffective assistance contained the § 2255 motion will be addressed in order.

1. <u>Counsel failed to advise petitioner of a valid defense to his career offender designation [Ground A, § 2255 motion].</u>

In the motion to vacate, petitioner asserts that his attorney did not make him aware that he could challenge his prior convictions and, thus, avoid the probation officer's finding in his presentence report ("PSR") that he was a career offender and the Court's subsequent acceptance of the finding. The "viable challenge" to the career offender enhancement, so petitioner claims, was that his prior convictions were not incorporated in the indictment nor submitted to a grand jury, as required by the Fifth and Sixth Amendments to the Constitution. Put simply, petitioner is wrong about the law upon which he purports to rely.

United States Sentencing Guidelines § 4B1.1 provides the criteria for determining whether a defendant qualifies as a career offender:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant

6

offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG 4B1.1(a). As used in this section, the term "two prior felony convictions" means:

(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . ., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provision of § 4A1.1(a), (b), or (c).

USSG § 4B1.2(c). A "controlled substance offense" is defined, in relevant part, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year that prohibits the manufacture … of a controlled substance … or the possession of a controlled substance …with intent to manufacture, import, export, distribute, or dispense."

According to the PSR, petitioner qualified for career offender classification based on two prior Hamilton County, Tennessee felony drug convictions. The first conviction involved the possession of cocaine for resale and the second possession of crack cocaine for resale (PSR, ¶¶ 25 and 31). The first judgment of conviction was entered on July 29, 1998, and the second on October 31, 2005.

Under Tennessee law, cocaine offenses are Schedule II controlled substance offenses, Tenn. Code Ann. § 39-17-408(b)(4) and, depending upon the amount of cocaine, are either Class B felonies, Tenn. Code Ann. § 39-17-417(a)(c)(1) [0.5 grams or more of cocaine] or Class C felonies, Tenn. Code Ann. § 39-17-417 (c)(1) [0.5 grams or less of cocaine]. The penalty for a Range I Class B felony conviction is not less than eight (8) or more than twelve (12) years and for a Range 1 Class C

felony conviction, not less than three (3) or more than six (6) years, Tenn. Code Ann. § § 40-35-112 (a)(2) and (a)(3).

Petitioner was correctly sentenced as a career offender based on these predicate felony offenses for controlled substance violations and his arguments that he did not qualify for the career offender enhancement are legally groundless.

Petitioner's prior felony drug convictions were state court convictions. The Supreme Court has held that the Fifth Amendment guarantee of a grand jury indictment does not apply to the states. *Castaneda v. Partida,* 430 U.S. 482, 509, 97 S.Ct. 1272, 1287 (1977) ("The Fifth Amendment right to a grand jury does not apply to a state prosecution." (citing *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884)).

Furthermore, as the United States points out in its response, the Sixth Amendment guarantee of a jury trial does not encompass "the fact of a prior conviction," which remains a proper subject for judicial fact-finding at sentencing (Doc. 48 at 4). *See Dretke v. Haley*, 541 U.S. 386, 395, 124 S.Ct. 1847, 1853 (2004) ("We have not extended *Winship*'s protections [requiring proof of each element beyond a reasonable doubt] to proof of prior convictions used to support recidivist enhancements."); *United States v. Booker*, 543 U.S. 220, 328, 125 S.Ct. 738, 803 (2005) ("History does not support a 'right to jury trial' in respect to sentencing facts.") (listing cases) (Breyer, J., dissenting in part).

Had counsel given the advice which petitioner now contends he should have given, that advice would have been legally incorrect. Counsel does not render a deficient performance by failing to give erroneous legal advice. Any suggestion to the

8

contrary is frivolous.

Nor is there any prejudice from any alleged deficiency on the part of counsel. Whether petitioner pled guilty or was convicted at trial, he could not escape the sentencing consequences of his prior felony drug convictions because those convictions could be used properly to enhance his sentence. *See e.g., Guess v. United States*, No. 98-3610, 1999 WL 777660, at *1 (6th Cir. Sept. 17, 1999) (finding that no prejudice ensues from counsel's failure to advise petitioner of an enhancement if the enhancement applies whether he goes to trial or pleads guilty); *Vititoe v. United States*, Nos. 3:08–cr–94, 3:10–cv–379, 2013 WL 4757424, at *4 (E.D.Tenn. Sept. 4, 2013) (discerning no prejudice from counsel's failure to object to an ACCA-enhanced sentence because the ACCA classification was appropriate), *cf. United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000) (finding the prejudice prong met "when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing-such as an automatic increase for a 'career' offender . . .- which would not have occurred but for counsel's error").

Furthermore, petitioner knew of the enhancement prior to the acceptance of his guilty plea. At the guilty plea hearing, petitioner indicated that he understood that his choices, as he characterized them, were either, to go to trial, knowing that he could not win at trial, or to plead guilty, knowing that his prior felony drug convictions could increase his sentence (Doc. 45, Rearraignment Hr'g Tr. at 7, 12-17). Since petitioner was properly sentenced as a career offender, his claim of prejudice fails on the face of the record.

Relief is not warranted on this claim of ineffective assistance.

9

2. <u>Counsel failed to object to the Government's breach of the plea agreement or advise petitioner that he had a right to appeal with respect to the breach, the remedy for which is re-sentencing and specific performance [Grounds B, C and D, § 2255 motion].</u>

Petitioner's last three grounds have been combined as they are interrelated parts of the same claim. Petitioner asserts that the plea agreement stipulated that his base offense level was 26, with a three level reduction for timely acceptance of responsibility. Yet, while the probation officer who prepared petitioner's presentencing report recommended a base offense level of 26, consistent with the plea agreement, she also recommended that the base offense level be increased to 34, under the career offender guidelines. Likewise recommended was a three-point decrease for acceptance of responsibility, leading to a total offense level of 31, with a resulting guidelines sentencing range of 188-235 months.

It is petitioner's position that the career offender increase, which was not included in the plea agreement, constituted a breach of that agreement and that counsel should have objected to the increase. Petitioner also maintains that counsel should have advised him of his right to appeal, notwithstanding any waivers contained in the plea agreement.

A review of the plea agreement does not accord with petitioner's representation as to its contents (Doc. 28, Plea Agreement). The plea agreement does not mention a base level offense of 26. It does contain, however, a provision stating that if petitioner's offense level is 16 or greater and if he is awarded a two-level reduction under USSG § 3E1.1(a), the United States agrees to move to decrease the offense level by one additional level.

10

The plea agreement also includes a provision in which petitioner acknowledges (1) that his sentence would be determined by this Court after it received the presentence report and information from the parties and (2) that the determination would be based upon the entire scope of his criminal conduct, his criminal history, and other factors and guidelines as provided by federal sentencing laws (*Id.*, Plea Agreement at ¶ 6). Finally, the plea document states that it "contains the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the . . . charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States" (*Id.*, Plea Agreement at ¶ 18).

Moreover, during the plea colloquy, the government's attorney stated that the plea agreement contained only two recommendations—neither of which involved a base offense level or career offender designation (Doc. 45, Rearraignment H'rg Tr. at 7-9). Petitioner indicated, under oath, that he had had read the plea agreement and discussed it with his attorney prior to signing it (*Id.* at 5-6); that he understood its provisions (*Id.* at 2, 8-9); and that the plea agreement represented all understandings he had with the government (*Id.* at 7).

Petitioner also indicated that he understood that his criminal history, including his prior felony drug convictions, would impact his sentence adversely (*Id.* at 12-14). Thus, the record shows that petitioner knew, before he pled guilty, what provisions were in the plea agreement, including the recommendations it contained; knew also that it did not contain a recommendation as to what his base offense level would be; and knew likewise that his criminal history would impact detrimentally the sentencing

11

determination, as these things were discussed during the plea-taking proceedings.

This examination of the record provides no support for petitioner's last claims of ineffective assistance, and, indeed, the record clearly refutes them.

## IV. Conclusion

Because petitioner's claims lack merit, his motion to vacate under § 2255 will be **DENIED** and **DISMISSED**.

## V. Certificate of Appealability

The Court must now consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal, since he may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits meets the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has assessed petitioner's claims under the relevant standards and finds that those claims do not deserve to proceed further because they are not viable in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A separate judgment will enter.

**ENTER:**

           */s/ Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE